UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
ALBERT M. MARK,                         )
                                        )
                    Plaintiff,          )   No. C06-0880RSL
                                        )
          v.                            )   ORDER GRANTING DEFENDANT'S
                                        )   CROSS-MOTION FOR SUMMARY
SEATTLE DEPARTMENT OF                   )   JUDGMENT
TRANSPORTATION, STREET USE              )
DIVISION,                               )
                                        )
                    Defendant.          )
_____)

This matter comes before the Court on plaintiff's "Motion for Summary Judgment" (Dkt. # 9), defendant's "Cross-Motion for Summary Judgment" (Dkt. # 13), and "Defendant's Motion for Dismissal Pursuant to FRCP 12(b)(6)" (Dkt. # 12).[1] Plaintiff has asserted a cause of action under 42 U.S.C. § 1983, alleging that defendant violated his Fourteenth Amendment rights by maliciously prosecuting him for displaying merchandise on the sidewalk in front of his store. In particular, plaintiff asserts that defendant, through Officer Hope Bauer, initiated a criminal complaint against him without probable cause to believe that a violation of SMC 15.04.010 had occurred and maliciously continued the prosecution through

---

[1] Plaintiff filed two memoranda in opposition to defendant's motion to dismiss. Dkt. # 19 and 24. Because defendant raised new issues in reply, both of plaintiff's responses have been considered by the Court.

ORDER GRANTING DEFENDANT'S
CROSS-MOTION FOR SUMMARY JUDGMENT

perjured testimony.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied his burden, he is entitled to summary judgment if the non-moving party fails to designate, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." Triton Energy, 68 F.3d at 1221.

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

**(1) Statute of Limitations**

Defendant argues that plaintiff's claims are barred by the statute of limitations. "In determining the proper statute of limitations for actions brought under 42 U.S.C. § 1983, we look to the statute of limitations for personal injury actions in the forum state." Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004). The limitations period for personal injury claims in Washington is three years. RCW 4.16.080(2); see also Gausvik v. Perez, 392 F.3d 1006, 1009 (9th Cir. 2004).

Although state law provides the period of limitations, federal law determines when the cause of action accrues. Cline v. Brusett, 661 F.2d 108, 110 (9th Cir. 1981). Under federal

ORDER GRANTING DEFENDANT'S
CROSS-MOTION FOR SUMMARY JUDGMENT     -2-

law, a plaintiff's cause of action generally accrues when he or she knows or has reason to know of the injury which is the basis for the claim. Acknowledging that a claim for malicious prosecution cannot be brought until the underlying charge has been finally resolved in favor of plaintiff (see <u>Cline</u>, 661 F.2d at 110-11), defendant argues that plaintiff's claim accrued on December 3, 2002, when the Superior Court affirmed the municipal court's judgment against plaintiff. Plaintiff asserts, however, that the criminal prosecution was not finally resolved until the Washington State Supreme Court denied his petition to modify the Commissioner's ruling on June 2, 2004. Dkt. 23 at 11. Although the relationship between the criminal complaint initiated by defendant on April 19, 2001, and the Supreme Court's ruling on plaintiff's personal restraint petition in Cause No. 75124-2 is unclear, plaintiff has alleged that the two arose out of the same events. Based on the current record, the Court declines to find that plaintiff's malicious prosecution claim is time-barred as a matter of law. If, as plaintiff asserts, the June 2, 2004, decision finally resolved the criminal complaint issued on April 19, 2001, the statute of limitations, including the 60-day claim filing period, will not expire until August 3, 2007.[2]

**(2) Malicious Prosecution**

Plaintiff's malicious prosecution claim under § 1983 fails as a matter of law. In order to prevail on such a claim, plaintiff must establish that: (1) the prosecution was instituted or continued by defendant; (2) without probable cause; (3) and through malice; (4) the proceedings were terminated in favor of plaintiff; and (5) plaintiff suffered injury as a result. <u>Hanson v. City of Snohomish</u>, 121 Wn.2d 552, 558 (1993). Although plaintiff disagrees with defendant's interpretation of SMC 15.04.010 and SMC 15.02.048, that interpretation has been

---

[2] Plaintiff has disavowed any attempt to bring a separate constitutional claim based on Officer Bauer's alleged perjury (Dkt. # 24 at 4) and acknowledges that any claim asserting racial discrimination would be barred by the doctrine of res judicata (Dkt. # 24 at 2). To the extent that plaintiff's complaint includes due process and/or equal protection claims other than the malicious prosecution claim, such claims would have accrued no later than December 3, 2002, and are barred by the three-year statute of limitations.

ORDER GRANTING DEFENDANT'S
CROSS-MOTION FOR SUMMARY JUDGMENT     -3-

upheld by the courts of Washington. The municipal court found that plaintiff's daily use of the sidewalk in front of his store to display merchandise did not fall within the exception to the permit requirement provided in SMC 15.02.048(A). The Superior Court and, possibly, the state Supreme Court, upheld the municipal court's decision. Thus, plaintiff cannot establish that the criminal proceedings initiated and continued by defendant were terminated in his favor. In the absence of any evidence that could support this element of plaintiff's malicious prosecution claim, defendant is entitled to summary judgment

For all of the foregoing reasons, plaintiff's motion for summary judgment (Dkt. # 9) is DENIED, defendant's cross-motion for summary judgment (Dkt. # 13) is GRANTED, and defendant's motion to dismiss (Dkt. # 12) is DENIED. The Clerk of Court is directed to enter judgment in favor of defendant and against plaintiff.

DATED this 3rd day of August, 2006.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANT'S
CROSS-MOTION FOR SUMMARY JUDGMENT    -4-